# IN THE UNITED STATES COURT OF APPEALS

## FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

JUN 1 7 2011

JOHN LEY
CLERK

### No. 11-12707-G

In re: INSTITUTO COSTARRICENSE DE ELECTRICIDAD,

Petitioner.

FILED by _____ D.C.

JUN 1 7 2011

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

### No. 11-12708-G

In re: INSTITUTO COSTARRICENSE DE ELECTRICIDAD,

Petitioner.

--------------------------

On Petition for Writ of Mandamus to the United States
District Court for the Southern District of Florida

--------------------------

Before: WILSON and MARTIN, Circuit Judges

BY THE COURT:

As an initial matter, the Court, sua sponte, consolidates the petitions for writ

of mandamus docketed in case numbers 11-12707 and 11-12708.

Petitioner seeks a writ of mandamus pursuant to the Crime Victims' Rights

Act, 18 U.S.C. § 3771(d)(3). In reviewing a petition for a writ of mandamus under

§ 3771(d)(3) we must determine "whether the district . . . base[d] its decision on

findings of fact that are clearly erroneous . . . [and] if not, [whether] it misappl[ied]

the law to such findings." In re Stewart, ---F.3d---, 2011 WL 2023457, at *3 (11th

Cir. 2011). "To prevail [under the CVRA], a victim must demonstrate some injury

. . . caused by the offender's crime." Id. The CVRA defines a "crime victim" as "a

person directly and proximately harmed as a result of the commission of a Federal

offense or an offense in the District of Columbia." 18 U.S.C. § 3771(e); see also

In re Stewart, 552 F.3d 1285, 1288 (11th Cir. 2008) (explaining that if "criminal

behavior causes a party direct and proximate harmful effects, the party is a victim

under the CVRA").

The district court did not clearly err in finding that "Instituto Costarricense

de Electricidad" ("ICE"), here seeking to be deemed a "crime victim," actually

functioned as the offenders' coconspirator. The district court identified the

pervasive, constant, and consistent illegal conduct conducted by the "principals"

(i.e. members of the Board of Directors and management) of ICE, the organization

claiming status as a victim under the CVRA. Neither did the district court err in

finding that ICE failed to establish that it was directly and proximately harmed by

the offenders' criminal conduct. Cf. United States v. Lazarenko, 624 F.3d 1247,

1252 (9th Cir. 2010) ("[A]s a general rule, a participant in a crime cannot recover

restitution.").

Petitioner's Petitions for Writ of Mandamus are DENIED. The Motion to

Extend the 72 hour deadline established by 18 U.S.C. § 3771(d)(3) is also

DENIED.